Martin, J.
This case comes to us on appeal from the grant of a motion for summary judgement in favor of the defendant. For the reasons herein stated, the lower court ruling is upheld. A summation of thefacts is as follows: The plaintiff, Lorraine Goyette, filed suit on 3 October 1990 against the defendant, Blue Cross & Blue Shield of Massachusetts, Inc. In her complaint she alleged that while employed as a school teacher fortheTown of Hingham, she made payments for health insurance in excess of the required amount needed to maintain individual coverage. The Town of Hingham had contracted with the defendant, a health care provider, to provide employees of the Town with health insurance. The payments made by the plaintiff began in February of 1978 and continued to June of 1984. In fact, the payments made by her amounted to the set figure necessary to provide family coverage. The amount of monies necessary to maintain the coverage was automatically deducted each week from her pay check. The determination of whether individual or family coverage was to be provided was based upon the completion of a form on which each Town employee elected his or her chosen coverage. With respect to the plaintiff, the form indicated that family coverage had been selected. Consequently, the requisite amount was deducted from the plaintiffs weekly pay check over the six year period. The difference between the individual coverage cost payment and the family coverage cost payment amounted to $28.79. The plaintiff alleged that family coverage was checked, not due to any fault of her own. The plaintiff, in her complaint, sought a return of the overage from the defendant under principles of unjust enrichment. She further sought treble damages pursuant to Massachusetts General Laws c. 93A §2 and §9 and attorney’s fees. Both parties filed motions for summary judgement. One argument, that the defendant’s motion for summary judgement was premised on, was that the claim was barred by the statute of limitations. It is for this reason that we affirm the lower court’s ruling.
As provided in M.G.L.c. 260, §2, the statute of limitations on a contract action is six years. Assuming without deciding that the plaintiff is a third-party, intended beneficiary to the contract between theTown of Hingham and the defendant, the remedies and rights available to her are “substantially identical” with those available to the promisee. 1 A. CORBIN, CONTRACTS §779K, at 740 (1952). First Hartford Realty Corp. v. Corporate Investors, 12 Mass. App. Ct. 911 (1981). Consequently, the plaintiff was justified in bringing suit on this contract. The suit was commenced on 3 October 1990. The last payment made by the plaintiff was in June 1984. The six year period of limitations had clearly run and therefore suit was barred. So ordered.